IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN ADAMS,                                *

  v.                                              *  CIVIL ACTION NO. CCB-12-1916

WARDEN JOHNSON C.,  et al.             *
                                                         ******

## MEMORANDUM

On June 27, 2012, petitioner Kevin Adams filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 2011 probation revocation which occurred in the Circuit Court for Montgomery County, Maryland. ECF No. 1.  Respondents have filed a limited answer to the petition. ECF No. 3.  Petitioner has not replied.  The case is ready for dispositive review.  After examining these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2).  For the reasons that follow, the petition will be denied without prejudice as unexhausted.

## Procedural History

On August 21, 2007, Adams pleaded guilty to one count of theft over $500  in the Circuit Court for Montgomery County. ECF No. 3, Ex. 1.  He was sentenced to a ten year prison term, with 5 years suspended, followed by three years supervised probation.  *Id*.  Petitioner's request for drug treatment evaluation was granted on September 24, 2007.  *Id*.  On May 22, 2008, petitioner's motion for reconsideration of sentence was granted and the court suspended all ten years of the sentence and ordered petitioner placed in pre-release custody.  The court imposed three years of supervised probation and placed a special condition on petitioner's probation that he successfully complete drug court.  *Id*.

On September 29, 2008, the court ordered petitioner released to a treatment facility. Petitioner's release status was modified again on February 3, 2009 and May 7, 2009—indicating petitioner would be released to the Broadwood Oxford House. Petitioner successfully completed drug court on September 9, 2010. On September 28, 2010, petitioner failed to appear for a status hearing and a warrant issued. On September 30, 2010, petitioner was reinstated to phase two of the drug court program. *Id*.

A probation revocation hearing was held on October 28, 2010. Petitioner was found in violation and his probation revoked. A sentencing hearing was held on January 6, 2011. The court closed the probation case unsatisfactorily and sentenced petitioner to serve eight years and eleven months incarceration. *Id*. Petitioner noted an appeal to the Court of Special Appeals of Maryland on January 31, 2011, which was denied on August 3, 2011. *Id*., Exs. 2 & 3.

Petitioner filed a petition for post-conviction relief in the circuit court on May 15, 2012. *Id*., Exs. 1 & 4. No hearing has been held on the petition to date.  *Id*., Ex. 1 and ECF No. 1.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have  been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.  A person challenging revocation of probation under Maryland law may do so in a direct appeal and/or post-conviction proceedings.  To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and if unsuccessful in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101-7-301 and § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See Sherman v. State*, 593 A.2d 670, 670-

71 91991).  If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals.  *See Grayson v. State,* 728 A.2d 1280, 1284-85 (1999).  Petitioner has not completed post-conviction review and his petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[1]  Should he wish to refile this petition once he has exhausted his available state court remedies, petitioner should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because petitioner has not made the requisite showing.

A separate order follows.


September 26, 2012                                   _____/s/_____
Date                                                                  Catherine C. Blake
                                                                      United States District Judge